UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHARLES LESTER BAILEY, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.   2:23-CV-131-DCLC-CRW |
| HAWKINS COUNTY SHERIFF'S DEPARTMENT, | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Plaintiff, an inmate in the Hawkins County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 against Defendant Hawkins County Sheriff's Department for "discrimination and neglect" [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and his prison trust account certificate and statement [Docs. 4, 5]. For the reasons set forth below, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss this action because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and his prison trust account certificate and statement [Docs. 4, 5] that he cannot pay the filing fee. Accordingly, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month

period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Plaintiff's Allegations

Plaintiff states that when he was arrested, unspecified people attacked and assaulted him [Doc. 2 p. 3][1]. But Plaintiff did not immediately try to give a statement about this incident "because [he] had other legal issues at hand" and did not know the allegations against him [*Id.*]. Plaintiff subsequently tried to give a statement about this incident to officers and to bring charges against the two people who attacked him, but officers refuse to speak to him [*Id.*].

Plaintiff specifically claims that he has messaged Officer Corey Young through the kiosk more than five times, and Officer Young has told Plaintiff that Plaintiff needs a subpoena and to speak to his lawyer [*Id.* at 2, 3]. Officer Young also does not allow Plaintiff to give a statement but stated that he would pass along Plaintiff's request to Officer Desormeaux, who was Plaintiff's

---

[1] Many of the factual allegations in Plaintiff's complaint are ambiguous, out of order, and redundant [*Id.* at 2–4]. The Court liberally construes these allegations in Plaintiff's favor and attempts to recite them in a logical order.

arresting officer [*Id.* at 3].  Plaintiff therefore claims that Officer Young violated his right to due process [*Id.* at 2].

When Plaintiff requested that Officer Desormeaux speak to him and allow him to bring charges against two unnamed parties regarding an incident that occurred at Plaintiff's house, Officer Desormeaux did not cooperate and instead agreed with Plaintiff that Plaintiff should write to the Judge [*Id.* at 2, 4].  Plaintiff claims that this violated his due process right to give a statement, and he categorizes this behavior as "[g]ross [n]eglect and [g]ross [d]iscrimination" [*Id.* at 2].

Plaintiff also has written a letter to a detective about the incident at his house, and his father has visited the jail multiple times about this incident, but Defendant Hawkins County Sheriff's Department refused to allow Plaintiff to give a statement [*Id.* at 4].  Plaintiff categorizes this as another violation of his right to due process, as well as gross discrimination and neglect [*Id.*].

Plaintiff does not feel that Defendant Hawkins County Sheriff's Department protects or serves him because of his past [*Id.*].  Additionally, Plaintiff feels that it is not in his best interest to live in Hawkins County "because of the level of d[i]scrim[i]nation and neglect that" Defendant Hawkins County Sheriff's Department demonstrates towards him [*Id.*].  Plaintiff therefore states that he will have to move and will seek damages for "lost wages, pain and suffering, separation from family[,] and other things" [*Id.* at 5].

Plaintiff has sued only Defendant Hawkins County Sheriff's Office [*Id.* at 1, 5].

**B.     Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by

3

the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983.

Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**C.     Analysis**

First, Plaintiff has sued only the Hawkins County Sheriff's Department. But this is not an entity subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42

U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). And Plaintiff's complaint does not plausibly suggest that a custom or policy of Hawkins County caused any violation of his constitutional rights, such that the Court could construe it to state a § 1983 claim against this municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Moreover, even if Plaintiff had sued the individuals named in his complaint, the Court would still dismiss the complaint because it fails to state a claim upon which relief may be granted under §1983 as to any of those individuals.

Specifically, Plaintiff's claims stem from his allegations that jail officers have refused to (1) allow him to give a statement about an assault on him and (2) prosecute the people who assaulted him. However, the decision not to prosecute the people who assaulted Plaintiff does not rise to the level of a constitutional violation, as Plaintiff does not have a cognizable legal interest in such a prosecution. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a § 1983 action to force the state to prosecute). Also, Plaintiff has not set forth any facts from which the Court can plausibly infer that his inability to give a statement related to this incident deprived him of any interest protected by the Due Process Clause. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (providing that "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." (citing *Meachum v.*

5

*Fano*, 427 U.S. 215, 225 (1976)). Additionally, to the extent that Plaintiff seeks to challenge any pending criminal prosecution against him through his assertion that jail officials have failed to allow him to give a statement regarding an assault on him, such a claim is not cognizable under § 1983, as any such prosecution implicate important state interests, and Plaintiff may bring his challenges in that criminal action. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests, and the plaintiffs have an adequate opportunity to raise their challenges in that forum).

Moreover, while Plaintiff accuses jail officers of discrimination, he does not set forth facts from which the Court could find that any claim for violation of his right to Equal Protection is plausible. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. It reflects the principle that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Nothing in Plaintiff's complaint allows the Court to plausibly infer that jail officials have treated any inmate who is similarly situated to Plaintiff differently than they have treated Plaintiff, such that the Court could plausibly infer that the fact that jail officials violated Plaintiff's rights under the Equal Protection Clause. *See Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379 (finding

6

that a complaint failed to state an Equal Protection claim where it did not "make a plausible allegation that similarly situated organizations and individuals, of a different political viewpoint, have not been subject to the same alleged treatment by Defendants"); *Nali v. Ekman,* 355 F. App'x 909, 913 (6th Cir. 2009) (stating that a claim for race discrimination in prison discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an Equal Protection claim).

Further, Plaintiff's allegations of negligence do not state a plausible § 1983 claim. *See Lewellen v. Metropolitan Gov't of Nashville & Davidson Co., Tenn.*, 34 F.3d 345 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest").

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

                                                                     s/Clifton L. Corker
                                                                     United States District Judge